UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
STATEN ISLAND TERMINAL, LLC,

     Plaintiff,        <u>**MEMORANDUM AND ORDER**</u>
                  11-CV-3262 (RRM)(LB)

  - against -

RUBEN ELBERG (a/k/a REUBEN ELBERG),

     Defendant.
---------------------------------------------------------X

ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiff Staten Island Terminal, LLC ("SI") has timely moved under Federal Rule of

Civil Procedure ("FRCP") 41(a)(2) to dismiss this action without prejudice. Defendant Ruben

Elberg has untimely cross-moved under FRCP 41(b)(2) to dismiss this action with prejudice for

failure to prosecute.

  For the following reasons, the case is dismissed without prejudice.


## BACKGROUND

  On July 7, 2011, SI filed a maritime tort claim against Elberg for $277,500 in damages.

(Compl. (Doc. No. 1) at 4.) SI alleges that Elberg's out-of-service ferry broke loose of its

mooring lines and physically damaged SI's pier and dock. (Compl. at 2.) On July 29, 2011,

Elberg filed an answer *pro se*. (Doc. No. 3.)

  United States Magistrate Judge Lois Bloom held a pretrial conference pursuant to FRCP

16 on September 20, 2011. On December 21, 2011, attorney Levi Huebner appeared on behalf of

Elberg. In a status conference on January 5, 2012, Judge Bloom reset the discovery deadline to

February 21, 2012, the expert report deadline to March 23, 2012, and the expert discovery

deadline to April 23, 2012.

On March 28, 2012, Judge Bloom held a telephone conference with the parties. SI's counsel explained that SI wished to dismiss the action, because it had concluded that Elberg would likely be unable to satisfy any judgment against him. (Mar. 28 H'g Tr. (Doc. No. 25) at 8.) According to SI, Elberg was significantly in debt, and SI had recently learned that negotiations to sell his ferry had fallen through. (*Id.* at 6.) SI's counsel explained that SI had forwarded a voluntary stipulation of dismissal without prejudice to Elberg, not wanting to pay their expert to prepare a review of the ferry mooring if the case was unlikely to prove remunerative. (*Id.* at 7–8.) Elberg's counsel, however, stated that Elberg would only stipulate to a dismissal with prejudice, for fear that SI might revive the lawsuit before the statute of limitations would expire in December of 2012. (*Id.* at 9.) Elberg's counsel further averred that Elberg had already spent "tens of thousands of dollars" on the litigation, and that SI had committed "malfeasance" by refusing to respond to discovery demands and by being generally unresponsive. (*Id.* at 12–13.)

Given the parties' impasse, Judge Bloom instructed SI and Elberg to move for dismissal without prejudice and for dismissal for lack of prosecution, respectively, in accordance with this Court's pre-motion rules. (*Id.* at 15–16.) Judge Bloom also dismissed Elberg's March 22, 2012 motion to compel discovery, which he filed more than one month after the discovery deadline. (*Id.* at 15.) Although Elberg's counsel attributed the late filing to a "calendaring issue," (*id.* at 9), Judge Bloom cautioned him against treating court deadlines casually, noting "when you're saying that you missed a deadline by a mere 31 days or 24 days, you missed a deadline, sir. It doesn't matter. If you read Supreme Court cases, you miss a deadline, you're out." (*Id.* at 11.)

This Court held an in-person pre-motion conference on April 19, 2012. The Court gave SI until May 2, 2012 to move for dismissal without prejudice under FRCP 41(a)(2), and gave Elberg until May 9, 2012 to reply and to move for dismissal with prejudice under FRCP

2

41(b)(2). On May 2, 2012, SI filed its motion for dismissal without prejudice. ("SI Mot." (Doc.

No. 29).) On May 10, 2012, Elberg filed a memorandum opposing SI's motion, along with a

cross-motion for dismissal with prejudice or alternatively for attorney's fees. ("Opp. Mem."

(Doc. No. 30).) Elberg also filed a request for an extension of time *nunc pro tunc*, to which SI

consented. (Doc. No. 31.)

## DISCUSSION

SI seeks dismissal without prejudice under FRCP 41(a)(2). Elberg's counsel failed to

oppose this motion until the response deadline had passed, despite being given a week to respond

and repeated warnings to respect this Court's deadlines. Elberg's cross-motion under FRCP

41(b) for failure to prosecute is not only untimely, but will also be rendered moot if this Court

grants SI's motion. For these reasons, this Court reviews the merits of SI's motion first. *See*, *e.g.*,

*Tierney v. Constellation Energy Group, Inc.*, No. 06 Civ. 220 (NAM/GHL), 2007 WL 4246301

(N.D.N.Y. Nov. 28, 2007).

## A. LEGAL STANDARD

FRCP 41(a)(2) provides that, where an answer has been served and the parties refuse to

stipulate to dismissal, an action may be dismissed at the plaintiff's request only by court order,

on terms that the court considers proper. *See Dzanoucakis v. Chase Manhattan Bank, USA*, No.

06 Civ. 5673 (JFB) (ARL), 2008 WL 820047, at *2 (E.D.N.Y. Mar. 25, 2008). Although

voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a

party's motion to dismiss its own claims without prejudice should be granted. *See Team Obsolete*

*Ltd. v. A.H.R.M.A. Ltd.*, 216 F.R.D. 29, 36 (E.D.N.Y. 2003).

> Two lines of authority have developed with respect to the circumstances under
> which a dismissal without prejudice might be improper. One line indicates that

3

such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citations omitted).

## B. ANALYSIS

### I. Legal Prejudice Analysis

Legal prejudice is the impairment of "some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (identifying as examples of legal prejudice the loss of a federal forum, the loss of jury trial rights, the loss of a statute-of-limitations defense, or the inability to conduct sufficient discovery to mount an adequate defense). Under this analysis, the Court primarily seeks to protect a defendant who is ready to pursue a claim or defense "*in the same action* that the plaintiff is seeking to have dismissed." *See Camilli*, 436 F.3d at 124 (emphasis in original).

Here, Elberg has not alleged any counterclaims or defenses that would be affected by dismissal of the action. Elberg argues that a dismissal without prejudice might prevent him "from entering into any business relationships regarding the ferry." (Opp. Mem. at 7.) But the specter of future litigation will almost always carry business consequences, and the "mere prospect of a second litigation" is insufficient to rise to the level of legal prejudice under FRCP 41(a)(2). *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936)). Nor is the "[u]ncertainty because a dispute remains unresolved" or the "expense incurred in defending against a lawsuit" considered legal prejudice. *Westlands*, 100 F.3d at 97.

4

Elberg also argues that a dismissal without prejudice would effectively prevent him from utilizing his current counsel in any future litigation, since his counsel "has a unique opportunity to be engaged in another field," and since this would in turn cause Elberg to "incur the expense of another attorney familiarizing himself with the case." (Opp. Mem. at 7.) Elberg has provided no factual basis for this assertion, but even if true, such added cost would not impair any "legal interest . . . claim, [or] . . . argument" presently held by Elberg. *Westlands*, 100 F.3d at 97. Elberg thus has not shown that dismissal under FRCP 41(a)(2) would cause him plain legal prejudice.

## II. *Zagano* Analysis

A review the *Zagano* factors clearly supports dismissal without prejudice.

Regarding SI's diligence in bringing its motion, the Court examines not only the length of time an action has been pending, *see Guzman v. Hazemag U.S.A., Inc.*, 145 F.R.D. 308, 310 (E.D.N.Y. 1993), but also whether the efforts of the party were "geared toward an efficient resolution." *U.S. Underwriters Ins. Co. v. United Pacific Assocs.*, No. 05 Civ. 1012 (JFB) (KAM), 2006 WL 2038507, at *2 (E.D.N.Y. Jul. 19, 2006). This action has been pending for under a year, with some discovery and depositions taken by both sides. As noted by Judge Bloom, any delays in the case are largely attributable to Elberg's own pace in securing counsel, and that counsel's later requests for scheduling accommodations. (Mar. 28 H'g Tr. at 11–12, 18–19.) Another measure of diligence is whether a plaintiff moves to dismiss the complaint expediently after the event that has led plaintiff to no longer pursue the action. *See, e.g.*, *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 355–56 (E.D.N.Y. 2008). Here, SI first learned of Elberg's financial situation in his January 23, 2012 and January 26, 2012 depositions. (Doc. 29-1.) After Elberg refused to dismiss the case voluntarily, SI alerted the Court of its intent to have the complaint dismissed without prejudice in a March 22, 2012 filing. This was a reasonable

length of time over which to seek dismissal on consent and to assess whether continued litigation was affordable, especially since Elberg did not actively pursue his own defense during this period, waiting until nearly a month after the discovery deadline to attempt to enforce his own discovery demands. (*See* Letter of March 21, 2012 to J. Bloom (Doc. No. 22); Mar. 28 H'g Tr. at 15.) Elberg's argument that SI caused undue delay by declining to complete its own expert reports is facially meritless, as expert reports were not due until after SI's first filing for voluntary dismissal. Thus, SI's diligence in bringing this motion weighs in favor of dismissal without prejudice.

Under the second *Zagano* factor, the Court looks for signs of vexatiousness by the plaintiff. In cases where "there is no evidence to suggest that the case was brought to harass the defendant," *Hinfin*, 206 F.R.D. at 356, or that a plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 Civ. 3939(CM), 2008 WL 4127549, at *6 (S.D.N.Y. Sep. 2, 2008) (citation omitted), dismissal without prejudice is favored. There is no evidence of any ill-motive or intent to harass by SI. Although Elberg, in his opposition, attempts to blame SI for the fact that Elberg's own counsel missed a discovery deadline, Judge Bloom already properly declared this argument meritless. (Mar. 28 H'g Tr. at 11.) While courts may find vexatiousness "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal," *Shaw*, 2008 WL 4127549, at *6, SI has made no such affirmative assurances to Elberg or the Court. Nor has Elberg demonstrated that SI's claims are "baseless or frivolous" or that SI "has engaged in any patently dilatory or inappropriate motion practice." *See Shah*, 2011 WL 2638139, at *2. SI, unlike Elberg, made no discovery requests after the discovery deadline passed; SI then sought to dismiss the action before the next deadline arose. This absence of vexatiousness by SI weighs in favor of dismissal without prejudice.

The third *Zagano* factor addresses the extent to which the suit has progressed and the expenses incurred by the defendant. Here, although the discovery deadline has passed, Elberg's own filings concede that his discovery attempts are in their early stages. (*See* Letter of March 21, 2012 to J. Bloom.) Further, no pre-trial conference has been held or trial date set. These circumstances favor dismissal without prejudice. *See Tierney*, 2007 WL 4246301, at *2 (granting voluntary dismissal where "the record does not reveal whether the parties have completed discovery [and, i]n any event, the Court has not scheduled this matter for trial"); *see also Univ'l Marine Med. Supply, Inc. v. Lovecchio*, No. 98 Civ. 3495 (ILG), 1999 WL 441680, at *6 (E.D.N.Y. May 7, 1999) (granting voluntary dismissal where discovery was "far from complete"); *Team Obsolete*, 216 F.R.D. at 36–37 (granting motion for voluntary dismissal where plaintiff's decision to drop claims was "certainly far from any trial date"); *cf. Zagano*, 900 F.2d at 14 (denying voluntary dismissal where motion was made ten days from trial date and parties had engaged in "extensive discovery"). Although Elberg has repeatedly asserted that his litigation expenditures are in the "tens of thousands of dollars," (Mar. 28 H'g Tr. at 12–13), he has submitted no evidence in support of this assertion, let alone evidence showing that he incurred these expenses "in preparation for trial," *Zagano*, 900 F.2d at 14, and not for other matters.

The fourth *Zagano* factor—the duplicative expense of relitigation—also favors dismissal without prejudice. If SI again files suit against Elberg on these straightforward facts and allegations, Elberg will almost certainly be able to use what work has been completed in this action to defend any subsequent suit. *See Hinfin*, 206 F.R.D. at 356 (finding no prejudice where defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future"); *accord Banco Central De Para. v. Para. Humanitarian Found., Inc.*,

No. 01 Civ. 9649(JFK), 2006 WL 3456521, at *6–7 (S.D.N.Y. Nov. 30, 2006) ("[E]ven if

[plaintiff] were to re-litigate the remaining claims in a future action, whatever work that

defendants have done in preparing for trial can easily be used in a subsequent, similar action.").

Further, if Elberg is correct that plaintiff seeks dismissal "because it cannot prove its case,"

(Opp. Mem. at 11), Elberg can move to dismiss any future claims by SI and save himself from

the expense of any potentially duplicative discovery. *See Shaw*, 2008 WL 4127549, at *9.

　　　　The final *Zagano* factor—the adequacy of SI's explanation for the need to dismiss—

clearly weighs in favor of SI. SI asserts that Elberg's "impecuniousness" has prompted SI to seek

dismissal of this action. (SI Mot. at 8.) The Second Circuit has found a defendant's "inability to

satisfy any judgment entered" an "entirely reasonable" explanation for voluntarily dismissal. *In

re Solv-Ex Corp. Sec. Litig.*, 62 Fed. App'x 396, 398 (2d Cir. 2003). Elberg concedes that "in all

likelihood if Plaintiff were able to obtain a Judgment against Elberg he would not be able to

satisfy same." (Opp. Mem. at 13.)

　　　　Since SI has shown that all five *Zagano* factors favor dismissal without prejudice, SI's

motion will be granted, and defendant's untimely motion to dismiss for failure to prosecute will

be dismissed as moot.

## III. Elberg's Request for Attorney's Fees

　　　　Elberg asks that, if the Court dismisses this action, it award him attorney's fees. (Opp.

Mem. at 14.) The Second Circuit has stated:

> Fee awards are often made when a plaintiff dismisses a suit without prejudice
> under Rule 41(a)(2). The purpose of such awards is generally to reimburse the
> defendant for the litigation costs incurred, in view of the risk (often the certainty)
> faced by the defendant that the same suit will be refiled and will impose
> duplicative expenses upon him.

*Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (citations omitted). "However, fees and costs are to be awarded only when justice so demands. Courts within this circuit have refused to award fees and costs following a Rule 41(a)(2) dismissal absent circumstances evincing bad faith or vexatiousness on the part of the plaintiff." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000) (citations and internal quotation marks omitted); *accord Icon Licensing Grp., LLC v. Innovo Azteca Apparel, Inc.*, No. 04 Civ. 7888(KMK), 2005 WL 992001, at *4 n.6 (S.D.N.Y. Apr. 27, 2005). As discussed above, Elberg has failed to establish any bad faith or vexatiousness on the part of SI. An award of attorney's fees to Elberg is thus unwarranted. *See Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4433 (ILG) (SMG), 2012 WL 1569573, at *7 (E.D.N.Y. May 3, 2012).

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that SI's motion to withdraw this action (Doc. No. 29) is GRANTED, and that Elberg's cross-motion to dismiss with prejudice (Doc. No. 30) is DENIED as moot. The complaint is DISMISSED without prejudice in accordance with Rule 41(a)(2). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
May 23, 2012

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge